IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| IN THE MATTER OF THE EXTRADITION OF | ) ) ) | Civ. No. 07-00365 SOM/BMK<br>Civ. No. 07-00366 SOM/BMK<br>Civ. No. 07-00367 SOM/BMK |
| DUANE LEE CHAPMAN,<br>    a/k/a Duane Leg Chapman<br>    a/k/a Duane Leg Chapman<br>    a/k/a Dog Chapman<br>    a/k/a Dog | ) ) ) ) ) ) | ORDER GRANTING RESPONDENTS' MOTION TO DISMISS EXTRADITION COMPLAINTS AND VACATE THE COURT'S ARREST WARRANTS |
|         Respondent.<br>_____ | ) ) ) | |
| IN THE MATTER OF THE EXTRADITION OF | ) ) ) | |
| LELAND BLANE CHAPMAN,<br>    a/k/a Blane Chapman Leland | ) ) ) | |
|         Respondent.<br>_____ | ) ) ) | |
| IN THE MATTER OF THE EXTRADITION OF | ) ) ) | |
| TIMOTHY CHARLES CHAPMAN<br>    a/k/a Charles Chapman Timothy | ) ) ) | |
|         Respondent.<br>_____ | ) ) | |

## ORDER GRANTING RESPONDENTS' MOTION TO DISMISS EXTRADITION COMPLAINTS AND VACATE THE COURT'S ARREST WARRANTS

Before the Court is Respondents' motion to dismiss the extradition complaints filed against them, and vacate the Court's arrest warrants. After reviewing the extradition complaints, the motion, and the various supporting and opposing memoranda, the Court hereby finds this matter suitable for disposition without a hearing and grants Respondents' motions.

## PROCEDURAL BACKGROUND

On June 20, 2003, a criminal action was filed against Respondents Duane Lee Chapman, Leland Blane Chapman, and Timothy Charles Chapman (collectively, "the Chapmans") in the First Circuit Court of the First Instance for the Twenty-Seventh Judicial District of the State of Jalisco, Mexico. The Chapmans are alleged to have committed "unlawful deprivation of liberty" when they captured fugitive United States citizen Andrew Luster in Puerto Vallarta, Mexico. On July 15, 2003, the Jalisco court issued a warrant for the Chapmans' arrest in Mexico.

Three years later, on September 13, 2006, and at Mexico's behest, the United States filed an extradition complaint against the Chapmans in this Court. The Court issued a warrant for their arrest here in the United States, and the

Chapmans were arrested on September 14, 2006. They were released on bail the following day. The bail requirement was subsequently removed, and the Chapmans have now been released on their own recognizance pending the outcome of the extradition proceedings.

On July 27, 2007, the Puerto Vallarta trial court that issued the initial arrest warrant for the Chapmans in Mexico granted the Chapmans' request to dismiss the criminal action pending against them in Mexico. The Puerto Vallarta court ruled that under Jalisco law, the statute of limitations had expired because the limitations period was not tolled during the Chapmans' arrest in the United States. On this ground, the Puerto Vallarta court "order[ed] the dismissal of the present action in favor of [the Chapmans] . . . and order[ed] their absolute freedom." (Mot. to Dismiss, Ex. B, at 14 (emphases removed).) This decision was immediately appealed by the Mexican prosecutor, and the appeal is still pending. On October 9, 2007, the Puerto Vallarta trial court clarified its earlier ruling, stating that "at present the order for a new arrest is cancelled" despite the pending appeal. (Reply Mem., Ex. B, at 2.)

Based on the ruling of the Puerto Vallarta trial court, the Chapmans have now moved this Court to dismiss the extradition proceedings against them. The government opposes this request.

## DISCUSSION

The extradition treaty in force between the United States and Mexico requires the existence of pending criminal charges and a valid arrest warrant in the requesting country.  See Extradition Treaty Between the United States of America and the United Mexican States, arts. 1,10, May 4, 1978, 31 U.S.T. 5059 (stating in Article 1 that the two countries agree to extradite "persons who the competent authorities of the requesting Party have charged with an offense," and requiring in Article 10 that a request for extradition be accompanied by "[a] certified copy of the warrant of arrest issued by a judge or other judicial officer of the requesting party").  A person may not be extradited where there are no pending criminal charges against that person, see United States v. Peterka, 307 F. Supp. 2d 1344, 1349 (M.D. Fla. 2003) ("to extradite the Defendant, the requesting party must prove . . . criminal charges pending in another state"), or where there is no valid arrest warrant as required by the treaty, see In re Extradition of Sauvage, 819 F. Supp. 896, 897 (S.D. Cal. 1993).  The burden of proving pending criminal charges and a valid arrest warrant lies with the government.  See In re Extradtition of Santos, 473 F. Supp. 2d 1030, 1038 (C.D. Cal. 2006) (stating that "[i]n extradition proceedings, the government bears the burden of establishing extraditability").

Here, there is no dispute that the July 27, 2007 ruling of the Puerto Vallarta trial court dismissed the criminal charges against the Chapmans and nullified the outstanding warrant for their arrest.  The only issue before the Court at this time is whether, under the laws of the state of Jalisco, this ruling of the trial court has been stayed during the pendency of the prosecutor's appeal.  Based on the evidence before it, the Court finds that the ruling has not been stayed, and that the government has failed to meet its burden of showing the existence of any pending criminal action against the Chapmans in Mexico.

The strongest evidence that the July 27 ruling is not stayed during the pendency of an appeal under Jalisco law is the Puerto Vallarta court's own October 9 clarifying order.  This order specifies that despite the prosecutor's appeal of the July 27 ruling, the Chapmans' arrest warrant was "cancelled."  (Reply Mem., Ex. B, at 2.)  No other Jalisco court has offered any indication to the contrary.

In addition, the Chapmans also present the affidavit of Julio Antonio Hernandez Pliego, a professor of criminal law and criminal trial law in Mexico, the author of numerous books on Mexican criminal law, and a practicing criminal law attorney in Mexico with 45 years of experience.  Professor Hernandez Pliego testifies that in his opinion, "at this time there exists no warrant for arrest against

the accused." (Reply, Ex. C, at 12.) He bases his opinion, in part, on the fact that the clerk of the Jalisco appellate court admitted the appeal "solely in *efecto devolutivo*," (Reply, Ex. A, at 1 (emphasis removed)). According to Professor Hernandez Pliego, an appeal that is treated in *efecto devolutivo* "means that the appeal process does not suspend the execution of the ruling being impugned, to the extent that the judge who issued the ruling may apply it without awaiting the resolution of the appeal . . . ." (Reply, Ex. C, at 10.)

        To rebut this evidence, the government submits affidavits by two Mexican officials, Jesus Andres Hernandez Lopez and Jose Carvajal Jimenez. Hernandez Lopez is the Federal Public Prosecutor assigned to the General Division of Extraditions and Legal Assistance of the Mexican Attorney General's Office. He states that he has occupied this position since 2002, and that he specializes in Federal Criminal Law and Federal Criminal Procedure in Mexico. In his September 21 Affidavit, Hernandez Lopez states that he believes the July 27 decision of the trial court to be in error, and that the extradition proceedings should not be dismissed because the case "is pending of being solved." (Supplement. to Opp'n, Ex. A.) In his October 1 Affidavit, Hernandez Lopez offers additional testimony, stating that because the decision is "*sub judice*," which is the case "whenever [a] resolution is pending," then "the latter decision has not become

6

final." (Supplement to Opp'n, Ex. B.) Similarly, Carvajal Jimenez, who is a Public Prosecutor in the service of the Division of Enforcement of Judicial Orders of the office of the Attorney General of Justice for the State, opines that the criminal action has not concluded and certifies that "the Government of the United Mexican States is still interested in the international extradition" of the Chapmans. (Supplement to Opp'n, Ex. B.)

Unfortunately, none of these three affidavits directly address the only question before this Court, which is whether the July 27 decision has taken effect or whether it has been stayed pending its appeal. Hernandez Lopez's statement that the decision has not become final might be generously read to indicate that the trial court's decision has not yet taken effect. Unlike Professor Hernandez Pliego, however, Hernandez Lopez offers no support or reasoning for his conclusion, and does not even address the fact that the appeal was accepted "solely in *efecto devolutivo*," (Reply, Ex. A, at 1 (emphasis removed)). The July 27 decision might well be effective even without being final. Similarly, Carvajal Jimenez fails to provide any reasoning or support as to why the criminal action has not yet concluded, or how any lack of conclusion may affect the trial court's dismissal of the charges against the Chapmans and the nullification of the arrest warrant.

Finally, the government argues that even if the arrest warrant against the Chapmans is no longer valid and the charges have been dismissed, this Court should refrain from dismissing the extradition proceedings based on the findings in In the Matter of the Extradition of Santos, 473 F. Supp. 2d 1030 (C.D. Cal. 2006). In Santos, a Mexican federal court issued a writ of amparo invalidating Santos' arrest warrant in Mexico.  The Mexican prosecutor appealed the amparo decision, and the appeal was still pending when Santos moved that the U.S. district court charged with determining his extraditability release him on bail.  Although the court ultimately granted Santos' motion for bail, it found that "the amparo is not final and enforceable under Mexican law during the pendency of an appeal, the filing of which preserves the status quo until the appellate court issues its final, non-appealable ruling revoking or confirming the amparo."  Id. at 1036-37.

The Court finds that the Santos decision does not apply to the present situation for two reasons.  First, the amparo decision and its appeal were Mexican federal proceedings, while the appeal at issue here is a proceeding in the courts of the state of Jalisco.  There is no evidence before the Court that appellate procedure in Jalisco tracks Mexican federal appellate procedure.  Second, Professor Hernandez Pliego testifies that "a ruling being impugned in an amparo . . . is of a different . . . nature from that produced by an appeal admitted with *efecto*

*devolutivo*." (Reply, Ex. C, at 14 (emphasis removed).)  The government offers no contradictory evidence to show that ordinary state appeals from a state trial court have the same characteristics as federal appeals from a federal amparo proceeding.

Therefore, the Court finds that based on the evidence before it, the July 27 ruling of the Puerto Vallarta trial court has not been stayed under Jalisco law.  The government has failed to meet its burden of showing that the Chapmans are currently charged with an extraditable offense in Mexico and that a valid warrant for their arrest exists.  Accordingly, the extradition complaints against the Chapmans are DISMISSED and the warrants for their arrest are VACATED.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: November 5, 2007

In the Matter of Extradition of Duane Lee Chapman; Civ. No. 07-00365 BMK-SOM; In the Matter of the Extradition of Leland Blane Chapman; Civ No. 07-00366 SOM-BMK; In the Matter of the Extradition of Timothy Charles Chapman; Civ. No. 07-00367 SOM-BMK; ORDER GRANTING RESPONDENTS' MOTION TO DISMISS EXTRADITION COMPLAINTS AND VACATE THE COURT'S ARREST WARRANTS.